J-S18022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LEE RAUCH, | : | |
| | : | |
| Appellant | : | No. 1201 WDA 2017 |

Appeal from the PCRA Order July 21, 2017
in the Court of Common Pleas of Clearfield County,
Criminal Division at No(s): CP-17-CR-0000251-2013

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018

William Lee Rauch ("Rauch") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously summarized the factual history of this case as follows:

> This case was initiated by the filing of a Criminal Complaint on April 5, 2013[,] by Patrolman Ralph Nedza of the Clearfield Borough Police Department. Said Complaint alleged that [Rauch] robbed, at knifepoint, the Domino's Pizza, located in the Borough of Clearfield, Pennsylvania, on April 4, 2013. It was purported, and ultimately established at [Rauch's] trial, that [he] had entered the pizza shop bedecked in a gray "hoodie" sweatshirt, a knitted hat made into a mask, and blue jeans with a gold embroidery embellished on the back pocket. After entering into Domino's, [Rauch] wielded a green-handled knife, approximately four inches in length, and demanded money from the store manager. While brandishing the knife approximately one foot away from the manager, [Rauch] arrogated that the manager turn over all of the

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

currency contained in the store's cash register. The manager, fearing for her life, complied with [Rauch's] nefarious demand by handing over the monies, which was comprised of numerous one and five dollar bills.

Multiple Domino's employees witnessed the hold-up, and the business surveillance system recorded, both visually and audibly, the robbery. The employees immediately reported the incident to law enforcement. After receiving news of the crime, officers were dispatched to canvass the area surrounding the pizza joint. Officers quickly found [Rauch] walking in the vicinity and stopped [him] to inquire about the robbery. When the policemen observed [Rauch], he was wearing the same embroidered pants observed at the crime scene and a black tee-shirt. After arresting [Rauch] for an unrelated crime [that same evening (public drunkenness)], it was later revealed that [he] was the same individual who earlier [had] robbed the Domino's Pizza.

The police also discovered the articles of clothing, worn in the robbery, and the knife, displayed to the store manager, abandoned behind a building close to where [Rauch] was apprehended. Some of the articles were later determined to have [Rauch's] DNA present on them. Police also found a large amount of low-denominational currency on [Rauch's] person after he was arrested.

Commonwealth v. Rauch, 116 A.3d 682 (Pa. Super. 2014) (unpublished memorandum at 1-3) (citation, footnote, and ellipses omitted).

The Commonwealth thereafter charged Rauch with two counts of robbery, and one count each of terroristic threats, theft by unlawful taking, and simple assault.[2] The matter proceeded to a jury trial, wherein Rauch was represented by Michael Marshall, Esquire (hereinafter, "Attorney Marshall"), and Curtis Irwin, Esquire (hereinafter, "Attorney Irwin") (both counsel

_____

[2] See 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(iv); 2706(a)(1), 3921(a), 2701(a)(3).

collectively hereinafter referred to as "trial counsel"). At the close of trial, the jury found Rauch guilty of all counts. Thereafter, the trial court sentenced Rauch to an aggregate term of eight to sixteen years in prison. Rauch filed a Motion for reconsideration of sentence, which the trial court denied. This Court affirmed Rauch's judgment of sentence, after which the Pennsylvania Supreme Court denied Rauch's Petition for allowance of appeal, nunc pro tunc. See Rauch, 116 A.3d 682, appeal denied, 121 A.3d 496 (Pa. 2015).

On April 26, 2016, Rauch timely filed the instant PCRA Petition, his first. The PCRA court appointed Rauch PCRA counsel, who thereafter filed an Amended PCRA Petition, raising claims of trial counsels' ineffectiveness. After an evidentiary hearing (hereinafter, the "PCRA Hearing"), wherein trial counsel and Rauch testified, the PCRA court dismissed Rauch's Petition by an Opinion and Order entered on July 21, 2017. Thereafter, Rauch filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Rauch now presents the following issues for our review:

I. Whether [Attorney Marshall,] who significantly participated in the trial[,] was ineffective for failing to properly prepare for trial by not communicating with [Rauch] and preparing adequate defenses?

II. Whether [Rauch's] constitutional rights under the Sixth Amendment were violated by [trial] counsel[s'] ineffective failure to call Robert Elsavage [("Elsavage"),] and to stipulate to the entry of his report without consulting [Rauch,] and depriving the jury of the opportunity to properly weigh [Elsavage's] testimony?

III.     Whether [trial] counsel [were] constitutionally ineffective under the Sixth Amendment for failing to object to portions of the prosecutor's closing statement[,] which instructed the jury to judge the case as though [Rauch] was the only person present at the scene[,] and further to find [Rauch] guilty if they believed he did commit the crime?

IV.     Whether [Rauch's] rights under the Constitution were violated based upon the cumulative impact of the above errors?

Brief for Appellant at 4 (capitalization omitted).

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> This Court's standard of review regarding an order [dismissing] a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness [(hereinafter referred to as the "prejudice prong")], i.e.[,] there is a reasonable probability that but for the act or omission in question[,] the outcome of the proceeding would have been different.

Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and brackets omitted); see also Commonwealth v. Solano, 129 A.3d 1156, 1162-63 (Pa. 2015) (stating that failure to establish any prong of the test will defeat an ineffectiveness claim). Finally, "[w]hen evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential."

Commonwealth v. Lesko, 15 A.3d 345, 380 (Pa. 2011) (citation and quotation marks omitted).

In his first issue, Rauch argues that Attorney Marshall rendered ineffective assistance of counsel, which prejudiced Rauch and deprived him of a fair trial. See Brief for Appellant at 9-12. Specifically, Rauch avers that Attorney Marshall failed to adequately prepare for trial due to his (1) undisputed failure to meet with Rauch and discuss the case prior to jury selection; and (2) resultant inability to "prepare an adequate defense without communicating personally with [] Rauch." Id. at 11. Rauch further contends that "at no time was [Attorney Marshall] able to give a reasonable explanation as to why the proper communication did not occur." Id. at 12.

In its Opinion and Order, the PCRA court addressed Rauch's claim as follows:

> Despite Attorney Marshall's minimal involvement in the case at its early stages, the [PCRA] [c]ourt believes that Attorney Marshall, who acted as co-counsel to Attorney [] Irwin, was well prepared and was ultimately effective in [Rauch's] criminal trial. During the [PCRA H]earing on this matter, Attorney Irwin testified that he met with [Rauch] more than a standard client, which included meeting on nights and weekends. Further, Attorney Irwin indicated that [Rauch] had written numerous letters to Attorney Irwin's office, approximately one letter per day, which allowed Attorney Irwin to better understand [Rauch's] case. Attorney Marshall also testified at the May 22, 2017 [PCRA H]earing that in order to prepare for [Rauch's] criminal trial, Attorney Marshall went over the case with Attorney Irwin[,] who had worked closely with [Rauch,] and who had a very good working knowledge of the case. Thus, given the extent to which Attorney Irwin met with [Rauch] and reviewed [Rauch's] case, and because Attorney Marshall consulted with Attorney Irwin as co-counsel, the [PCRA] [c]ourt believes that Attorney Marshall was adequately prepared

for trial, that his actions were reasonable, and that [Rauch] did not suffer any prejudice therefrom.

PCRA Court Opinion and Order, 7/21/17, at 2-3.

The PCRA court's foregoing analysis is supported by the record, and we agree with its determination that Rauch failed to meet his burden to prove that Attorney Marshall was ineffective. First, it is well settled that, in reviewing a claim of ineffectiveness of counsel, we "grant great deference to the factual findings of the PCRA court[,] and will not disturb those findings unless they have no support in the record." Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc) (citation omitted). Accordingly, here, we defer to the factual finding of the PCRA court, which had considered the testimony at the PCRA Hearing, that Attorney Marshall was adequately prepared and was ultimately effective. See id. Second, even if Attorney Marshall had met with Rauch prior to jury selection, there is no reasonable possibility that the outcome of Rauch's trial would have been different. See Wah, supra. Aside from a bald assertion of prejudice, Rauch does not plead or prove any specific allegation of prejudice. Rather, he merely articulates a desire in hindsight to speak with one of his co-counsel more than the other prior to trial. Accordingly, Rauch's first issue entitles him to no relief.

In his second issue, Rauch contends that trial counsel were ineffective for failing to call Elsavage as an expert witness to testify as to a report

(hereinafter, the "Report") that he had prepared concerning Rauch's case.[3] See Brief for Appellant at 13-15. According to Rauch, "[t]he [R]eport … was extremely significant as it indicated [that] cornmeal, a substance used by Domino's Pizza, was not found on the money. This was a key piece of evidence that could have exonerated [] Rauch." Id. at 13. Rauch points out that the parties stipulated to the admission of the Report, but complains that trial counsel were ineffective for failing to consult with Rauch concerning the stipulation and its consequences. Id. at 15.

In its Opinion and Order, the PCRA court addressed Rauch's claim as follows:

> [] Elsavage, although not called to testify, had drafted an expert [R]eport as part of his position with the Pennsylvania State Police Bureau, Erie Regional Laboratory, which was ultimately admitted into evidence. Further, the [R]eport was admitted into evidence per a stipulation by the Commonwealth and [trial] counsel, and was read into the record by Attorney Marshall. During the [PCRA] [H]earing on this matter, Attorney Marshall indicated that[,] in his opinion, having the [R]eport admitted without [] Elsavage's testimony was actually more favorable to [Rauch]. However, the [PCRA] [c]ourt would [] note that pursuant to Pennsylvania case law, counsel need not discuss all strategic options with his or her client. [See Commonwealth v. Glover, 619 A.2d 1357, 1359 (Pa. Super. 1993) (stating that "[w]hen reviewing an ineffectiveness claim, we do not require the highest caliber of criminal defense skills; a minimum level of competency is the standard by which we judge counsel's performance[,]" and that "[c]ounsel need not discuss all strategic options with his or her client.")]. Moreover, because the [R]eport of [] Elsavage was admitted into evidence, the [PCRA] [c]ourt does not believe that

---

[3] Specifically, Elsavage, in his capacity as a lab technician with the Pennsylvania State Police Bureau, Erie Regional Laboratory, prepared the Report concerning a test he performed on the U.S. currency that the police had seized from Rauch's person following his arrest.

[Rauch] suffered any real prejudice due to [] Elsavage's failure to testify. Therefore, this claim too is ultimately meritless.

PCRA Court Opinion and Order, 7/21/17, at 4. We agree with the PCRA court's rationale and thus affirm on this basis in rejecting Rauch's second ineffectiveness claim. See id.; see also Wah, supra.

In his third issue, Rauch argues that trial counsel were ineffective to the extent that they failed to object to portions of the District Attorney's closing argument. See Brief for Appellant at 16-17. Specifically, Rauch contends that trial counsel should have objected to the District Attorney's following statement (which we will hereinafter refer to as the "guilt statement"): "If you see it at all, you might say, we don't think [Rauch] did it, in which case you say guilty." Id. at 16 (quoting N.T., 10/18/13, at 247). Rauch also urges that trial counsel should have objected to the District Attorney's statement to the jury that they must judge the case as though Rauch was the only person in downtown Clearfield on the night of the robbery (hereinafter referred to as the "Clearfield statement"). Brief for Appellant at 16; see also N.T., 10/17/13, at 241. Rauch contends that trial counsel were

> unable to provide any reasonable basis for not objecting to the District Attorney's [above-mentioned] comment[s,] and permitting an extremely misleading and confusing statement[, i.e., the guilt statement,] [to] be told to the jury[, which] indicated they had no choice but to find [Rauch] guilty[,] and further[, concerning the Clearfield statement,] trial counsel permitted the District Attorney to misinform the jury on how they should evaluate the evidence.

Brief for Appellant at 17.

In its Opinion and Order, the PCRA court addressed this ineffectiveness claim as follows:

> It is first important to note that the jury was instructed by the [trial] [c]ourt that the arguments of counsel are not evidence and that they should not be considered as such.[4]  [See N.T., 10/18/13, at 17.]  Further, the District Attorney began his closing by stating that should he misstate something, the jurors should rely on their own memories and judgments.  [See N.T., 10/17/13, at 194.]

> With regards to the [] aforementioned [guilt] statement, it would appear that[,] in context, this was a misstatement amongst a much longer closing argument.  While the [PCRA] [c]ourt agrees that this [guilt] statement, without more, may send a confusing message, the [c]ourt does not believe that the District Attorney was indicating to the jurors that they had no choice but to find [Rauch] guilty.  Rather, the jurors would likely have realized the error in this statement in light of the other portions of the closing, as well as th[e] [trial c]ourt's instructions to them.  Moreover, had trial counsel objected to the [guilt] statement, the outcome of the proceedings would very likely have been the same, and thus, the [PCRA] [c]ourt does not believe that [Rauch] was prejudiced due to trial counsel[s'] inaction.

> With regards to the [] aforementioned [Clearfield] statement, the [PCRA] [c]ourt must again view the instruction in context.  The [Clearfield] statement alone may send a misleading message; however, after putting the [statement] to the jurors into the broader context of the closing, it is readily apparent that the [Clearfield statement] is simply a concluding statement to a logical argument.  Prior to instructing the jury to judge the case as though [Rauch] had been the only person in downtown Clearfield on the night of the incident, the District Attorney had asked the jury to consider various pieces of evidence that, when viewed

_____

[4] It is well established that "[t]he law presumes that the jury will follow the instructions of the court."  Commonwealth v. Spotz, 18 A.3d 244, 296 (Pa. 2011) (citation omitted); see also Commonwealth v. Harris, 884 A.2d 920, 930-31 (Pa. Super. 2005) (stating that cautionary instruction to jury indicating statements made during closing argument are not evidence to be considered by the jury, and the fact that the jury is presumed to follow instructions, muted any undue prejudice caused by the prosecution's statements).

together, would place [Rauch], and [Rauch] alone, at the scene of the crime. Further, during the [PCRA] [H]earing in this matter, Attorney Marshall testified that after hearing the [Clearfield] statement in context, he likely would not have objected to the statement. Accordingly, the [PCRA] [c]ourt finds Attorney Marshall's failure to object to be reasonable, and does not believe that Attorney Marshall's inaction prejudiced [Rauch] in any way.

PCRA Court Opinion and Order, 7/21/17, at 4-5 (footnote added).

Our review discloses that the PCRA court's sound rationale is supported by the record. Moreover, we agree with its determination that Rauch failed to meet his burden to prove that trial counsel were ineffective for failing to object to the District Attorney's challenged statements. Regardless of whether trial counsel objected to these statements, there is no reasonable probability that the outcome of the trial would have been different. See Wah, supra; see also Commonwealth v. Bishop, 936 A.2d 1136, 1140 (Pa. Super. 2007) (stating that where, as here, "the evidence of guilt is overwhelming, counsel's purported ineffectiveness fails the prejudice prong.") (citation omitted). Accordingly, Rauch's third issue fails.

In his fourth and final claim, Rauch asserts that he is entitled to relief based upon the cumulative effect of all of his prior ineffectiveness claims. See Brief for Appellant at 18.

The Pennsylvania Supreme Court

has repeatedly held that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. Commonwealth v. Johnson, 600 Pa. 329, 966 A.2d 523, 532 (Pa. 2009). Thus, to the extent claims are rejected for lack of arguable merit, there is no basis for an accumulation claim. Commonwealth v. Sattazahn, 597 Pa. 648, 952 A.2d 640, 671 (Pa. 2008). When the failure of individual claims is

- 10 -

grounded in lack of prejudice, however, then the cumulative prejudice from those individual claims may properly be assessed. Johnson, 966 A.2d at 532 (citing Commonwealth v. Perry, 537 Pa. 385, 644 A.2d 705, 709 (Pa. 1994), for the principle that a new trial may be awarded due to cumulative prejudice accrued through multiple instances of trial counsel's ineffective representation).

Commonwealth v. Koehler, 36 A.3d 121, 161 (Pa. 2012); see also Commonwealth v. Bomar, 104 A.3d 1179, 1216 (Pa. 2014) (same).

Here, we conclude that none of Rauch's ineffectiveness claims are of arguable merit. See Sattazahn, supra. Nevertheless, "to the extent we have individually rejected [Rauch's] claims of ineffectiveness based on a lack of prejudice, we now hold that they do not prejudice him when considered in the aggregate." Commonwealth v. Smith, 2018 PA Super 60, at *40 (Pa. Super. 2018); see also Commonwealth v. Busanet, 54 A.3d 35, 75 (Pa. 2012). Accordingly, Rauch's final issue fails, and we thus affirm the PCRA court's Order dismissing Rauch's first PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/15/2018